UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GAILINA AILEEN TURYAN,

                Plaintiff,

  -against-

RAYMOND L. LIEBMAN and NONE OF
OUR HUSBAND'S BUSINESS, LLC,

                Defendants.
-------------------------------------------------x

MEMORANDUM AND ORDER
06 CV 4867 (ILG)

GLASSER, United States Senior District Judge:

## BACKGROUND

Plaintiff Gailina Aileen Turyan ("Plaintiff") brought claims against defendant Raymond Liebman for trover, breach of fiduciary duty, and duress, and defendant None of Our Husband's Business, LLC ("NOHB") for trespass. Both defendants moved for summary judgment, and on January 19, 2007, this Court granted NOHB's motion to stay discovery pending resolution of those motions, and ordered Plaintiff, who was at the time acting *pro se*, to respond to those motions within twenty days or the Court would enter default judgment in favor of the defendants. However, before those twenty days had expired, on February 6, 2007, defendant Liebman informed the Court that Plaintiff had passed away the previous night from injuries she sustained as a result of a car accident. See Letter from Diane K. Kanca, dated February 6, 2007. On April 12, 2007, defendant Liebman wrote this Court to advise that he had contacted Plaintiff's daughter, Ana Turyan, who notified Liebman that she was being appointed the administrator of her mother's estate, and that she would advise Liebman when the

appointment process was complete.  See Letter from Diane K. Kanca, dated April 12, 2007.

The Court did not receive any further correspondence from the parties until September 14, 2007, when, in response to a status report order, Liebman informed the Court that he had tried numerous times to contact Plaintiff's daughter to determine whether a legal representative had been appointed for her mother's estate, but that she did not reply to any of his letters, voice messages or e-mails.  Accordingly, Liebman filed a Suggestion of Death pursuant to Federal Rule of Civil Procedure 25(a)(1) ("Rule 25"), and served co-defendant NOHB and Ana Turyan by mail.

## DISCUSSION

Rule 25(a)(1) provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent may be dismissed.

Because Plaintiff's daughter was served with the Suggestion of Death by mail, under Fed. R. Civ. P. (6)(d) she had an additional three days within which to make a motion for substitution.  More than ninety-three days have now passed, and no one has made a motion for substitution.  All efforts to communicate with Plaintiff's daughter have been fruitless.  Accordingly, the Court dismisses Plaintiff's action pursuant to Rule 25.

## CONCLUSION

For the foregoing reasons, Plaintiff's action is dismissed.  The Clerk of Court is hereby directed to close the above-captioned action.

SO ORDERED.

Dated:     Brooklyn, New York
           December 27, 2007
                                         _____/s/_____
                                         I. Leo Glasser
                                         United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

Daughter of Decedent Plaintiff

Ana Turyan
7 Queen Anne Court
Ormond Beach, FL 32174


Counsel for the Defendant Raymond L. Liebman

Diane K. Kanca, Esq.
McDonough Marcus Cohn Tretter Heler & Kanca
145 Huguenot Street, 3rd Floor
New Rochelle, NY 10801


Counsel for the Defendant None of Our Husband's Business, LLC

Anthony Bisignano, Esq.
Bosco, Bisignano & Mascolo, Esq. LLP
857 Forest Avenue
Staten Island, NY 10310